Blumer, Appellant, *v.* Dorfman.

132

Argued May 4, 1971. Before EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Joyce Ullman,* for appellant.

No oral argument was made nor brief submitted for appellee.

Opinion by Mr. Justice Pomeroy, March 20, 1972:
On May 8, 1962 appellant Anna Blumer commenced an action in assumpsit against appellee Martin Dorfman. The complaint alleged facts which may be summarized as follows: In 1958 appellant was the owner of certain premises located at 1900 North 32nd Street in Philadelphia which she leased to a tenant. Appellee Dorfman was a real estate broker in the area. In September, 1958, while the premises were under lease, appellant and appellee entered into an oral agreement whereby the latter promised that in return for appellant's terminating the tenancy of the then occupant of the premises and entering into a new lease with a tenant to be obtained by him, Dorfman, he would guarantee the performance of the new lease if the tenant obtained by him should default. Pursuant to this agreement, appellant released her old tenant and accepted one procured by appellee. The new tenant defaulted in December, 1958. In April of 1959, the default still continuing, appellant made demand on the appellee to pay the rent, which appellee refused to do. Instead, the parties entered into a new oral agreement whereby the appellant released the new tenant for the balance of the term and rented the premises to the appellee personally for 10 years at a rental of $250 per

month, the appellee further agreeing to pay excess water bills and repair costs. Pursuant to this arrangement, Dorfman occupied the premises from April, 1959 to January, 1962; he paid the rent until March, 1961, but not thereafter; at the end of January, 1962 appellee abandoned the premises.

Appellant's complaint demanded damages totalling $5,925.04, comprised of the following items: (1) the rent due by the new tenant for the period December, 1958 to April, 1959; (2) the rent due by Dorfman himself for the period March, 1961 through January, 1962; and (3) the water and repair bills for the time Dorfman occupied the premises.

Appellee filed an answer to the complaint, admitting that as a real estate agent and for a commission he had obtained a tenant for the plaintiff in September, 1958, but denying having made any personal commitments by way of guaranteeing the rent. All other averments of the complaint were denied. Under the heading of new matter, appellee asserted the Statute of Frauds as a defense to both alleged oral agreements. The provisions relied upon were those relating to promises to answer for the debt of another[1] and to leases to exceed three years in duration.[2] The answer was

---

[1] Act of April 26, 1855, P. L. 308, §1, 33 P.S. §3: "No action shall be brought . . . to charge the defendant upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or some other person by him authorized."

[2] Act of April 6, 1951, P. L. 69, art. II, §202, 68 P.S. §250.202: "Any such lease [longer than three years] must be in writing and signed by the parties making or creating the same, otherwise it shall have the force and effect of a lease at will only and shall not be given any greater force or effect either in law or equity, notwithstanding any consideration therefor, unless the tenancy has continued for more than one year and the landlord and tenant have recognized its rightful existence by claiming and admitting liability

not endorsed with a notice to plead to the new matter, and appellant filed no reply.

Thereafter[3] appellee moved for judgment on the pleadings, alleging that the complaint on its face disclosed violations of the Statute of Frauds and that by failing to reply to the new matter, plaintiff had admitted the applicability of the relevant provisions of the statute. The trial court granted this motion and dismissed the complaint. This appeal followed.

Because of the inherent differences, hereafter considered, between statute of fraud provisions which are waivable and those which are not, we must consider separately the two types here involved. If the particular statute of frauds asserted as an affirmative defense is incapable of being waived by the defending party to a claim, judgment on the pleadings will be allowed (provided, of course, no factual issue is raised); if it is capable of being waived, the defense that the statute was violated will not support a judgment on the pleadings.

The case at bar involved, as noted above, two separate parts or provisions of that cluster of statutes which we collectively refer to as the Statute of Frauds: that which requires a lease which will exceed three years to be in writing in order to be enforceable, and that which requires a promise to answer for the debt of another to be in writing in order to be enforceable. The statute relating to leases being waivable, it improperly served as the basis for judgment below; that relating to suretyship agreements being nonwaivable, judgment on the pleadings was permissible, but we

---

for the rent, in which case the tenancy shall become one from year to year."

[3] We note that there was a delay, unexplained in the record, of almost 6½ years between the date of filing the answer and the date of filing the motion for judgment.

conclude that sufficient facts were pleaded in appellant's complaint to take the promise to guarantee the tenant's rent outside the statute. It follows that with respect to both provisions the court below erred in granting the motion and that the judgment must be reversed.

1. The claim based on suretyship.

The cloud of confusion which for many years had enveloped the subject of when the defense of the Statute of Frauds was waivable and when not was lifted in *Brown v. Hahn,* 419 Pa. 42, 49, 213 A. 2d 342 (1965) wherein Mr. Justice (now Chief Justice) JONES, speaking for the Court, concisely summarized the distinction between the two: "Bearing in mind that the provisions of the several Statutes of Frauds differ in that language and that provisions of some Statutes of Frauds make unenforceable or void oral agreements in violation thereof while provisions of other Statutes of Frauds constitute declarations of public policy, the appropriate rule is that, if the particular statute operates to bar or destroy the plaintiff's right of action, i.e., is a limitation on the power of the judiciary to afford a remedy, such statute constitutes a ground for demurrer and may be raised by preliminary objections: on the other hand, if the statute merely gives the defendant a waivable defense, such defense must be raised under Rule 1030 [New Matter] and not under Rule 1017(b) [Preliminary Objections]."[4]

---

[4] This analysis was confirmed in the 1969 amendments to the Rules of Civil Procedure which specifically provide that nonwaivable Statutes of Limitation and Frauds can be raised by preliminary objection. See Rules 1017(b)(4), 1030 and 1045(b). See also Goodrich-Amram, *Standard Pennsylvania Practice,* 1971 Supp. pp. 173, 206, 291, 292 for explanation of the derivation of present rules.

When previously confronted with the statute covering promises to answer for the debt or default of another, this Court held that the language in the Act of 1855 (see footnote 1) that "no action shall be brought" indicated a nonwaivable provision of the Statute of Frauds. *Leonard v. Martling,* 378 Pa. 339, 106 A. 2d 585 (1954). Failure by the defendant in the *Leonard* case to raise this defense either by preliminary objection or by answer did not prevent his requesting and obtaining judgment on the pleadings. If, as decided in *Leonard,* a nonwaivable Statute of Frauds defense can support a judgment on the pleadings where the defense is not raised until after the close of the pleadings (in the motion for judgment), it would be anomalous indeed not to allow the defense to prevail where the defendant raises it in his answer by way of new matter.

Despite the appropriateness of the procedure followed by appellee as to the suretyship claim, the trial court improperly granted his requested relief. Judgment on the pleadings should be allowed only where a case is free from doubt and trial would be a fruitless exercise. As with a demurrer, all the opposing party's well-pleaded facts must be accepted as true. *Goldman v. McShain,* 432 Pa. 61, 247 A. 2d 455 (1968) ; *Bata v. Central Penna. Nat. Bank of Phila.,* 423 Pa. 373, 378, 224 A. 2d 174, 178 (1966), *cert. denied,* 386 U.S. 1007, 87 S. Ct. 1348 (1967). The facts pleaded in the complaint are that in consideration of appellant's paying a commission to appellee, a realtor, and releasing appellant's then tenant, appellee procured a new tenant and promised to pay the rent should the new occupant default. It seems apparent to us that this arrangement, involving as it did a distinct benefit to the promisor (appellee) and detriment to the promisee (appellant) is at least consistent with an original and primary un-

dertaking between those parties rather than merely a collateral suretyship promise within the statute. The situation presented by this pleading comes, we think, directly within the holding of the Superior Court in *Goodling v. Simon,* 54 Pa. Superior Ct. 125, 127 (1913), which this Court adopted in *Eastern Wood Products Co. v. Metz,* 370 Pa. 636, 641, 89 A. 2d 327 (1952): "Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it may incidentally have the effect of extinguishing that liability, is the rule laid down in many cases, and has been consistently followed by this court." It is possible, of course, that evidence adduced at trial might show the actual state of affairs to be quite different, and one to which the Statute of Frauds defense would be applicable; all we now hold is that the defense should not have been made the basis for a judgment on the pleadings.

2. The claim based on lease.

Defendant's judgment on the pleadings in the second count is based upon the Statute of Frauds relating to leases in excess of three years (68 P.S. §250.202), *supra,* note 2. In *Brown v. Hahn,* 419 Pa. 42, *supra,* we held that the statute requiring a writing for land contracts (Act of March 21, 1772, 33 P.S. §1) was waivable, hence raisable only in new matter, and not by preliminary objection. See also *Royal Oil & Gas Corp. v. Tunnelton Mining Co.,* 444 Pa. 105, 282 A. 2d 384 (1971); *Goldman v. McShain,* 432 Pa. 61, *supra;* *Portnoy v. Brown,* 430 Pa. 401, 243 A. 2d 444 (1968). The provisions relative to leases being a direct deriva-

tive of the above statute, it too is waivable and may be introduced only as an affirmative defense.

In *Goldman v. McShain, supra,* we held that a defendant may not rely on the affirmative defense of the Statute of Frauds for land contracts to sustain a motion for judgment on the pleadings unless the plaintiff has failed to reply to new matter in which the defense is raised. This result followed logically from the fact that such a motion is in effect a demurrer, ". . . afford[ing] defendant another opportunity, in addition to a preliminary objection, to challenge the sufficiency of a complaint. This similarity between preliminary objections in the nature of a demurrer and the motion for judgment on the pleadings also gains support from the fact that in both cases the trial judge must accept as true all facts properly pleaded by the opposing party. When the defendant moves for summary judgment [sic], therefore, he is merely alleging that plaintiff's complaint has not stated a claim upon which relief may be granted. . . . [T]o say that a possible affirmative defense exists to a complaint is not to say that such a complaint is legally insufficient on its face. It may still *state* a claim upon which relief can be granted, even though the relief itself will eventually be denied should defendant prove his affirmative defense." 432 Pa. at 73. Because the provision of the Statute of Frauds for leases, like the one involved in *Goldman* relating to land contracts, is waivable, that case is controlling here. While it is true that the plaintiff in *Goldman* replied to the new matter, appellant here was not required to do so; appellee having failed to endorse his answer with a notice to plead, the new matter averments were automatically put in issue. See Pa. R. C. P. 1026 and 1029(d).[5] It follows that the motion for judgment should not have been granted.

---

[5] We do not pass on the effect of a failure to reply to an allegation in new matter of which proper notice is given if the allega-

Even if it were proper to entertain a motion for judgment on the pleadings in these circumstances, appellant has again pleaded sufficient facts to avoid judgment at this stage. She claims that defendant occupied and used the premises from April, 1959 through January, 1962 but paid the rent only through March' 1961. The statute in question does not render unenforceable in their entirety leases which exceed three years in duration; its effect, rather, is to give violating leases the force and effect of leases at will, unless the parties recognize its existence by paying and accepting the rent for longer than one year, in which case the tenancy becomes one from year to year. *Ferri v. Liberatoscioli*, 338 Pa. 454, 456, 13 A. 2d 45 (1940). Here, almost two years had elapsed before the rent payments were stopped in March, 1961; thus it was only beginning on April 1, 1961 that the tenancy of appellee became one at will. In *Flomar Corporation v. Logue*, 418 Pa. 181, 183, 210 A. 2d 254 (1965), where a tenancy at will existed because of the failure of the lessor to sign a four-year written lease, we stated, "Such being the case, an action cannot be maintained upon the covenant to pay rent, and lessor is relegated to an action of assumpsit for the rental value of the premises while the lessees were in possession." Having pleaded use and occupancy by appellee for the period from March, 1961 through January, 1962, appellant would be entitled, assuming the allegation were proved, to recover the rental value of the premises for that period.

3. The claim for water and repair bills.

Finally, as to the claim for excess water bills and repair costs, we need not determine whether it involved

---

tion states only the legal conclusion that the claim is barred by a waivable statute of frauds. See Pa. R. C. P. 1019(a), 1029(a) and (d).

an independent cause of action or was incidental to the action for rent. In either case, judgment on the pleadings was improper. If independent, the Statute of Frauds had no application; and if ancillary to the rent action, the same pleading of use and occupancy placed it outside the statute.

The order of the Superior Court is vacated, the judgment of the Court of Common Pleas is reversed, and the case is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.

The former Mr. Chief Justice BELL and Mr. Chief Justice JONES took no part in the consideration or decision of this case.

The former Mr. Justice BARBIERI took no part in the decision of this case.