## Reigner v. Cisco

*Brendan J. Vanston*, of *Hobbs and Morgan*, for plaintiffs.

*Leonard Simpson*, of *Lee and Simpson*, for defendants.

GARDNER, *P.J.*, September 22, 1978— Plaintiffs filed the above-captioned partition action, alleging that they were three of the gran-

tees "as tenants in common with right of survivorship" in a deed dated July 15, 1948, and recorded in Sullivan County Deed Book, Volume 58, at page 566, for premises situate in Fox Township, Sullivan County, Pennsylvania.

Defendants James Cisco and Harris Mervine filed an answer denying "ownership as pleaded" in plaintiffs' complaint, and in new matter averred that the grantees in the deed cited constituted the membership of an unincorporated association known as the "Old Timers Club," which had by-law provisions for the resignation of members, and that plaintiffs had resigned and had been reimbursed for their interests in the club.

Plaintiffs thereupon filed a motion for judgment on the pleadings, asserting that the answer constituted a general denial, and that the new matter did not constitute a "proper defense."

The matter was submitted on brief and oral argument.

Plaintiffs' contention is that defendants' new matter constitutes a violation of the Statute of Frauds in that the letters of resignation[1] pursuant to which each of plaintiffs was paid $290 were not sufficient writings to constitute an agreement to convey an interest in the association lands.

Defendants claim that sufficient memoranda

---

1. William Reigner, Sr., William Reigner, Jr., and Walter Reigner, plaintiffs herein, resigned by letters dated respectively March 11, 1957, February 25, 1957, and April 16, 1970.

exist, and that testimony is needed to explain the intention of the parties.[2]

At the outset, we are of the opinion that plaintiffs' contention cannot be raised on a motion for judgment on the pleadings. The Statute of Frauds applicable here is waivable and, if used to defend against defendants' assertions, must be raised as new matter in a reply to defendants' new matter as contained in the answer: Goldman v. McShain, 432 Pa. 61, 247 A. 2d 455 (1968), and Blumer v. Dorfman, 447 Pa. 131, 289 A. 2d 463 (1972).

Plaintiffs, however, question the propriety of defendants' new matter, arguing, under the persuasion of Lewis v. Spitler, 69 D. & C. 2d 259 (1975), that it merely contains specific denials which should have been pleaded in the answer itself. Although we agree with the case cited, we do not consider it apposite.

In the instant case, defendants, in new matter, aver an entirely affirmative defense which is the only way to raise their contention that plaintiffs had no property rights in the subject lands as a result of the previous resignations from the club. See 2 Goodrich-Amram 2d, §1030:1:3, 294, for a partial list of affirmative defenses not specified in Pa.R.C.P. 1030.

Even if defendants' new matter is considered non-affirmative in nature, since it is not merely a denial of the complaint, as in Lewis v. Spitler,

---

2. In his brief, defense counsel asserts the "defenses" of laches and estoppel. Neither of these is available against the operation of the Statute of Frauds, as plaintiffs' counsel correctly states, citing Beers v. Pusey, 389 Pa. 117, 132 A. 2d 346 (1957), and Polka v. May, 383 Pa. 80, 118 A. 2d 154 (1955).

supra, defendants have the option of either pleading as new matter or incorporating the allegations in the answer: 2 Goodrich-Amram 2d, §1030:1:4, and the cases cited therein.

We are bolstered in our opinion by the familiar rule that a judgment on the pleadings may be entered only in clear cases, free from doubt, where trial would be fruitless: Blumer v. Dorfman, supra.

Here, trial appears to be anything but fruitless. Our research indicates the following interesting sources as to the relationships of association members to the property of the association:

1. Title to association property adheres to that party which is in harmony with its own laws; and the laws, usages, customs, and principles which were accepted before the dispute arose are standards for determing which party is right: McGinnis v. Watson, 41 Pa. 9 (1862).

2. The property rights of members of an association upon the withdrawal of a member generally depend upon the provisions of the constitution and by-laws. Usually, if a member abandons the association, he thereby renounces his interest in the property, and those who remain and succeed him are entitled to his interest. This is true even in the case of the withdrawal of membership of one who had entered into a commercial society: 6 Am. Jur. 2d, Associations and Clubs, §24 (1963).

3. The right of property vested in members of unincorporated associations rests on the agreement of the associates and may vary with the nature and purposes of the association: Blenko v. Schmeltz, 362 Pa. 365, 67 A. 2d 99 (1949).

And from other jurisdictions, we found the following:

1. With loss of membership in an incorporated nonprofit association goes any interest in the property of the corporation: State v. Gilroy, 221 P. 2d 549 (Wash. 1950).

2. A person who becomes a member of an unincorporated association does not acquire a severable right to any of its property or funds but merely a right to the joint use and enjoyment thereof as long as he continues to be a member, and to have the association's property and funds controlled and administered according to its organic plan. With termination of membership, interest of a former member in the property shall cease: Flanagan v. Benvie, 58 N.M. 525, 273 P. 2d 381 (1954).

3. In the absence of provisions in the constitution or by-laws giving members an individual interest in the assets of a voluntary association, members who withdraw thereby lose their rights to association property, title to which stays in the members remaining in the association: Liggett v. Koivunen, 227 Minn. 114, 34 N.W. 2d 345 (1948), citing 7 C.J.S. 70, §27b.

## ORDER

And now, September 22, 1978, for the reasons set forth in the opinion of even date filed in the above-captioned matter, it is ordered that plaintiffs' motion for judgment on the pleadings be and the same is hereby denied.