**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3915
_____

LINDA LANDAN; HOLLY AND LINDSAY, L.L.C.; JEFFREY J. SIKIRICA;
TRUSTEE FOR B.L. MCCANDLESS, L.P.; B.L. MCCANDLESS, L.P.;
BROADLAND PA, L.L.C.; BLAZIER DRIVE, L.L.C,
Appellants

v.

WAL-MART REAL ESTATE BUSINESS TRUST; WAL-MART STORES
EAST, L.P.; WAL-MART STORES, INC; S. ROBSON WALTON, PRESIDENT;
BRIAN CORNELL, PRESIDENT WAL-MART REAL ESTATE; MICHAEL T.
DUKE EVP; CHARLES M. HOLLEY, JR. CFO WAL-MART REALTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-12-cv-00926)
District Judge: Honorable David S. Cercone
_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 28, 2018
_____

Before: SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judges*.

(Filed: May 28, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Before us is an appeal regarding a failed negotiation between landowner Lisa Landan and Wal-Mart Stores. After years of attempts to agree on a ground lease—during which Landan invested significant resources to bring the lease to fruition—Wal-Mart withdrew from negotiations, only informing Landan of its withdrawal after months of silence. Wal-Mart then purchased the land at issue when it was listed for sale as a result of Landan's bankruptcy. Landan now seeks to recover what she lost on the theory that she and Wal-Mart had entered into an enforceable agreement. While Landan's situation is unfortunate, we cannot identify any agreement that would give her a remedy at law. We will affirm.

**I**

We presume the parties' familiarity with this case and set out only the facts needed for the discussion below. Landan was in negotiations with Wal-Mart representatives to enter into a twenty-year ground lease for a new Wal-Mart supercenter on Landan's property. On June 28, 2006, the parties executed a non-binding Letter of Intent ("LOI") containing proposed lease terms and the condition that neither party would have any obligation to the other "unless and until a mutually acceptable lease agreement is fully executed and delivered by both parties." J.A. 115. They exchanged multiple revisions of the lease throughout negotiations, but the deal ultimately fell through. While the parties dispute the reason that negotiations failed, they agree that Wal-Mart closed the project in 2009. The final draft that circulated among the parties before negotiations ended contained red-line and handwritten mark-ups, and it was not executed by either party.

2

After the deal fell through, Landan filed for bankruptcy. She, along with the entities involved in the proposed deal (collectively "Plaintiffs"), then filed suit against various Wal-Mart entities and individual representatives seeking monetary damages on the grounds of, *inter alia*, breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel.

The District Court initially dismissed pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiffs' promissory estoppel claim without prejudice, as the claim could not coexist with Plaintiffs' breach of contract claim. It simultaneously incorporated Plaintiffs' breach of the implied covenant of good faith and fair dealing claim ("good faith claim") into their breach of contract claim. After the parties underwent discovery, the District Court granted summary judgment in favor of Defendants on the breach of contract claim and allowed Plaintiffs to reinstate their promissory estoppel claim. After additional discovery, the District Court granted summary judgment in favor of Defendants on the promissory estoppel claim as well. Plaintiffs now appeal the District Court's rulings on all three claims.

## II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 276, 282 (3d Cir. 2002). In our review, we are "required to accept as true all allegations in the complaint and all reasonable inferences

3

that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We consider only factual allegations and disregard any legal conclusions. *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).

We also exercise plenary review over the District Court's grant of summary judgment. *Burton v. Teleflex Inc.*, 707 F.3d 417, 424–25 (3d Cir. 2013). We affirm when, drawing all inferences "in the light most favorable to the nonmoving party," *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009), there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the moving party is a defendant, she has the burden to show that the plaintiff has failed to establish one or more essential elements of her case. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

**III**

Plaintiffs appeal the District Court's dismissal of three claims against Defendants, each of which has its own distinct procedural history. We review each claim in turn.

*A.    Breach of Covenant of Good Faith and Fair Dealing*

The District Court in its August 5, 2013 Order dismissed Plaintiffs' claim for breach of the covenant of good faith and fair dealing as an independent cause of action. It then deemed the good faith claim as incorporated into Plaintiffs' breach of contract claim, effectively rendering a final order on this claim at the motion to dismiss stage. We agree with the District Court's approach.

The Pennsylvania courts have made clear—and our Court has recognized— that Pennsylvania does not allow an action for breach of the covenant of good faith and fair dealing separate from a breach of contract claim. *See, e.g.*, *Davis*, 824 F.3d at 352 (affirming the dismissal of plaintiff's good faith claim upon defendant's Rule 12(b)(6) motion to dismiss on the basis that Pennsylvania law does not allow an independent action for breach of the covenant of good faith and fair dealing); *Burton*, 707 F.3d at 432 ("[U]nder Pennsylvania law, a 'claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim.'" (quoting *LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 391–92 (Pa. Super. Ct. 2008))). Following that precedent, the District Court properly dismissed Plaintiffs' good faith claim insofar as it was being propounded as an independent action. It then properly incorporated the claim into Plaintiffs' breach of contract claim.

Perplexingly, Plaintiffs now argue on appeal that the District Court misunderstood the nature of their claim. According to Plaintiffs, their good faith claim "was one for a breach of the duty to negotiate in good faith," Appellants Br. 21, even though the Second Amended Complaint—which they filed subsequent to the District Court's ruling on their good faith claim—contains a count for "BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING" and makes no mention of an agreement to negotiate in good faith. J.A. 219. A review of the record further reveals that Plaintiffs are

5

presenting their good-faith-negotiation argument for the first time on appeal. The argument is therefore waived.[1]

## B.    Breach of Contract

In its March 31, 2015 summary judgment order, the first of two, the District Court granted Defendants' motion for summary judgment on Plaintiffs' breach of contract claim on the basis that no reasonable jury could find the existence of a contract between the parties. Plaintiffs now appeal, alleging the existence of two contracts: an oral agreement to enter into a ground lease and the ground lease itself.

In Pennsylvania, as elsewhere, it is well-established that the first of three elements needed to prevail on a breach of contract action is the existence of a contract. *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010). Here, Plaintiffs would have us hold that the parties' oral agreement to engage in lease negotiations, as memorialized by the LOI, was a binding agreement to "negotiate a lease agreement in good faith." Appellants Br. 37. However, Pennsylvania law does not allow enforcement of an oral agreement in which essential terms are not "sufficiently definite to be specifically enforced." *ATACS Corp. v.*

---

[1] As a general matter, failure to raise a legal argument in the District Court will result in waiver of that argument on appeal. *Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009). Further, even if the argument had not been waived, Plaintiffs' reliance on the lone Third Circuit case they cite for their proposition, *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291 (3d Cir. 1986), is misplaced. The determinative element of that case was the parties' intent to be bound by the LOI that they signed as part of negotiations for a commercial lease. *See USA Machinery Corp. v. CSC, Ltd.*, 184 F.3d 257, 264 (3d Cir. 1999) (holding that an agreement to negotiate in good faith is only enforceable where, as in *Channel Home*, the parties manifested an intent to be bound to that agreement). Here, the LOI contained the opposite: it was "non-binding," with neither party having "any obligation to the other" until a "mutually acceptable lease agreement is fully executed and delivered by both parties." J.A. 115.

*Trans World Commc'n, Inc.*, 155 F.3d 659, 665 (3d Cir. 1998). This is particularly true

when the agreement takes the form of an "agreement to agree." *See, e.g.*, *Jennison v.*

*Jennison*, 499 A.2d 302, 306 (Pa. Super. Ct. 1985) (An agreement to agree on price of

stock at a later time was incapable of enforcement.).[2] Therefore, Plaintiffs' assertion that

there existed an enforceable oral agreement fails as a matter of law.

Plaintiffs' ground lease claim is similarly defeated. Under the Pennsylvania

Statute of Frauds, a property lease for a term of more than three years "must be in writing

and signed by the parties" in order to be enforceable. 68 Pa. Stat. § 250.202. While this

defense is waivable should Defendants fail to raise it, *Flight Sys., Inc. v. Elec. Data Sys.*

*Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (citing *Blumer v. Dorfman*, 289 A.2d 463, 468

(Pa. 1972)), no such waiver occurred here. We therefore agree with the District Court's

dismissal of Plaintiff's breach of contract claim, as there was no contract to enforce under

Pennsylvania law.

---

[2] To the extent that Plaintiffs argue that the LOI creates a written, contractual duty to negotiate towards the formation of a ground lease, their position also fails as a matter of law. "Where an informal contract is in issue, parties should assent to all terms, and 'if anything is left open for future [negotiation], the informal paper cannot form the basis of a binding contract.'" *Garnet Mine, LLC v. Brandolini*, 158 F. Supp. 2d 580, 584 (E.D. Pa. 2001) (quoting *GMH Assocs., Inc. v. Prudential Realty Grp.*, 752 A.2d 889, 900 (Pa. Super. Ct. 2000). The LOI clearly states that it is "intended only as an outline of the major provisions of a *proposed* lease,"J.A. 115 (emphasis added), and does not impose any duty to negotiate or finalize terms regarding the potential ground lease.

7

C.       *Promissory Estoppel*

In its second summary judgment order on September 22, 2016, the District Court dismissed Plaintiffs' reinstated promissory estoppel claim because Plaintiffs failed to satisfy any of the elements of their claim. Once again, we agree.

The elements of promissory estoppel under Pennsylvania law are: "(1) the promisor made a promise that he or she could have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; (3) injustice can be avoided only by enforcing the promise." *Edwards v. Wyatt*, 335 F.3d 261, 277 (3d Cir. 2003) (quoting *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000)). Further, in Pennsylvania, a claim for promissory estoppel must be based on an express promise. *C & K Petroleum Prods., Inc. v. Equibank*, 839 F.2d 188, 191 (3d Cir. 1988). Here, Plaintiffs' allegation of an express promise is simply too vague to be supported. *See C & K Petroleum*, 839 F.2d at 192 (holding that promissory estoppel requires more than "broad and vague" promises). To be sure, Wal-Mart informed Landan of certain conditions it deemed essential to keeping open the possibility of entering into a ground lease. However, Wal-Mart did not make, or at least Landan has not identified, any express promise to enter into any specified contract if Landan satisfied those conditions. As noted above, negotiations were still ongoing. Without an express promise, Plaintiffs cannot satisfy the other two elements of their promissory estoppel claim. Therefore, we hold that the District Court properly granted summary judgment in favor of Defendants on this claim.

8

**IV**

For the foregoing reasons, the judgment of the District Court will be affirmed.