421 A.2d 304

**Leon B. TEAGLE and Linda Teagle, Appellants,**

**v.**

**William HART and Stephen A. Malandra.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed July 18, 1980.

Allen L. Feingold, Philadelphia, for appellants.

John F. Coffey, Philadelphia, for William Hart, appellee.

John F. Lewis, Philadelphia, for Malandra, appellee.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Appellant Leon B. Teagle was involved in an automobile accident on March 11, 1977 with vehicles driven by Stephen A. Malandra and William Hart, as a result of which appellant filed a complaint in trespass on April 19, 1978. In count two of the complaint, appellant alleged that defendants Hart and Malandra had operated their vehicles "in a wanton and reckless manner . . . in complete disregard for the plaintiff's personal feelings, well–being and safety," resulting in injury and loss to plaintiff Leon Teagle. Appellant demanded punitive damages in count two for such injury and loss.

On July 5, 1978, pursuant to Pa. Rule of Civil Procedure 1017(b), appellee Malandra filed a motion to strike the second count of the complaint, alleging that the complaint did not conform to law in that the Pennsylvania No–fault Motor Vehicle Insurance Act[1] precluded plaintiff's recovery of punitive damages under the facts alleged in the complaint. The lower court found that wanton and reckless operation of a motor vehicle was not sufficient under the Act to make the defendants liable for punitive or exemplary damages, and the court therefore entered an order, dated September 18, 1978, granting the preliminary objections and dismissing the second count of the complaint. The case is before us on appeal from that order.

Section 301 of the No–fault Act specifically abolishes tort liability for "injury" (defined in § 103 as accidentally sustained bodily harm) arising out of the maintenance or use of a motor vehicle[2], but the Act further provides, § 301(a)(3), that an individual remains liable for *intentionally* injuring

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 et seq., 40 P.S. § 1009.101 et seq.

2. Under No fault § 111(b), each no–fault insurer or "obligor" (the term used in the Act) must compensate its own injured insured for economic detriment (excluding damage to property) sustained by its own insured, without regard for fault in causing the accident. See definitions of "basic loss benefits", "loss", and "net loss", No–fault § 103. See *Brunelli v. Farelly Brothers*, 266 Pa.Super. 23, 402 A.2d 1058 (1979).

himself or another individual.[3]   Under this section of the Act then, appellant will have a cause of action for damages (including punitive or exemplary damages) under traditional tort theory if he has alleged that he was intentionally injured.   Count two of appellant's complaint alleges that appellant's injuries resulted from the wanton and reckless conduct of the defendants.   Appellant would have us find that this was equivalent to an allegation that he had been injured intentionally by the defendants.   We do not so find. "Wanton and reckless" is not equivalent to "intentional".

■   Although the definition section of the Act does not contain a definition of "intentional" or "intentionally", Section 208(b)(1) of the Act provides guidance.   That section provides that an individual who intentionally injures himself or another individual is ineligible to receive No–fault benefits for injury arising out of his acts.   The section further provides:   "An individual intentionally injures himself or another individual if he acts or fails to act for the purpose of causing such injury or with knowledge that such injury is substantially certain to follow.   An individual does not intentionally injure himself or another individual:   (A) merely because his act or failure to act is intentional or done with the realization that it creates a grave risk of causing injury . . . . "   Although this provision relates to the ineligibility for benefits of the person who causes the injury, we find this provision also to be pertinent to the question of whether a person has "intentionally" injured another person and thereby exposed himself to liability under section 301(a)(3) of the Act.   We adopt this definition of "intentionally" for the purpose of determining whether a party remains liable in tort under § 301(a)(3).

**3.**  Section 301 contains other exceptions to the abolition of tort liability, including a provision that a person remains liable for damages for *non–economic* detriment if the accident results in death or serious and permanent injury, or if the reasonable value of reasonable and necessary medical and dental services (exclusive of diagnostic X–ray and rehabilitation costs in excess of one hundred dollars) is in excess of seven hundred and fifty dollars ($750.00).   No–fault § 301(a)(5).   "Non–economic detriment" does *not* include punitive or exemplary damages.   No fault § 103.

■ Appellant's complaint failed to state a cause of action for punitive damages. The lower court therefore properly granted the motion to strike the second count of the complaint.

■ Appellant further argues that the lower court erred in not granting appellant leave to amend his complaint after the court dismissed the second count of the complaint. Pa. Rule of Civil Procedure 1028(c) permits a party to file an amended pleading as of course within ten days after service of a copy of preliminary objections. Under Rule 1033, a party may file an amended pleading at any time with the filed consent of the adverse party or by leave of court. Appellant does not argue that he attempted to amend his complaint, and there is nothing in the record to indicate that appellant made an attempt. We will not consider matters raised for the first time on appeal. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974).

Order affirmed.