428 A.2d 208

Eleanor COYNE, Administratrix of the Estate of Richard H. Coyne, deceased and Eleanor Coyne, in her own right, Appellant,

v.

PORTER-HAYDEN COMPANY, Melrath Gasket and Supply Company, Crane Packing Company and Johns-Manville Products Corporation,

v.

RAYBESTOS MANHATTAN, INC., Allied Chemical Corporation, Carolina Asbestos, Southern Asbestos, a/k/a H. K. Porter Company, Inc., Amatex Corporation, Bulk Asbestos Company, Eureka Packing Company, Donald R. Fitzgerald and Gatke Corporation.

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed April 3, 1981.

Petition for Allowance of Appeal Denied Sept. 23, 1981.

Joseph D. Shein, Philadelphia, for appellant.

Lionel B. Gumnit, Philadelphia, for Eureka, appellee.

Murray Levin, Philadelphia, did not file a brief on behalf of Fitzgerald, appellee.

Robert M. Britton, Philadelphia, did not file a brief on behalf of Gatke, appellee.

George D. Sheehan, Philadelphia, for Porter-Hayden, appellee.

John S. Kokonos, Philadelphia, did not file a brief on behalf of Melrath Gasket, appellee.

Howard M. Girsh, Philadelphia, did not file a brief on behalf of Crane, appellee.

Paul R. Brady, Philadelphia, for Johns-Manville, appellee.

John F. Naulty, Philadelphia, did not file a brief on behalf of Raybestos, appellee.

Joseph A. Gerber, Philadelphia, did not file a brief on behalf of Allied, appellee.

Joseph H. Foster, Philadelphia, did not file a brief on behalf of Southern Asbestos, appellee.

Francis E. Shields, Alan K. Cotler, Philadelphia, for Amatex, appellee.

Before BROSKY, HOFFMAN and CIRILLO,* JJ.

HOFFMAN, Judge:

These consolidated appeals arise from wrongful death and survival actions brought by plaintiff-appellant. In two separate orders, the lower court granted judgment on the pleadings in favor of defendants Porter-Hayden Company, Melrath Gasket and Supply Company, Crane Packing Company, and Johns-Manville Products Corporation (defendants) and additional defendant Amatex Corporation (Amatex) on the ground that the actions were barred by the applicable statutes of limitations. Plaintiff contends that the statutes do not bar her actions. For the reasons which follow, we affirm the orders of the court below.

On June 2, 1978, plaintiff commenced these actions by writ of summons. Subsequently, in her amended complaint, plaintiff alleged that while employed as a boilermaker by Allied Chemical Company from 1951 to 1956, her late husband, Richard H. Coyne, "continually worked with, used, handled, and was caused to come into contact with and be exposed to asbestos products" which had been mined, manufactured, sold, and distributed by the defendants. The complaint averred also that the decedent died on January 6, 1972 after contracting asbestosis and other pulmonary and respiratory diseases resulting from his exposure to asbestos. Plaintiff sought damages on the theories of negligence, strict liability, and breach of warranty. Defendants joined several additional defendants, including Amatex. Defend-

* Judge Vincent A. Cirillo of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

ants and Amatex answered plaintiff's amended complaint and alleged in new matter that the actions were barred by the one-year statute of limitations applicable to wrongful death actions, Act of April 26, 1855, P.L. 309, § 2, 12 P.S. § 1603 (repealed), and the two-year statute of limitations applicable to survival actions, Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34 (repealed).[1] In her reply to the new matter, plaintiff denied that these statutes of limitations barred her lawsuits. The defendants and Amatex subsequently filed motions for judgment on the pleadings, which the lower court granted. Plaintiff then took these appeals.

■ In most personal injury cases, the statute of limitations begins to run at the time the injury is sustained. In certain classes of personal injury cases, however, the statute of limitations does not begin to run until the plaintiff discovers or reasonably should have discovered (1) his injury, (2) its operative cause, and (3) the causative relationship between the injury and the operative conduct. *Anthony v. Koppers Co.,* 284 Pa.Super. 81, 96, 425 A.2d 428, 436 (1980).[2] The rule delaying the commencement of the period of limitations in this manner is referred to as the "discovery rule." *See id.,* 284 Pa.Super. at 89, 425 A.2d at 432, and cases cited therein. Plaintiff contends that her actions were timely brought pursuant to the discovery rule. In order to resolve this issue, we must first determine whether the discovery rule applies to an action to recover damages for an asbestos worker's personal injuries and death resulting from prolonged exposure to asbestos products.

In *Anthony v. Koppers Co., supra* the plaintiffs brought wrongful death and survival actions, alleging that emissions

1. As of June 27, 1978, both actions are governed by the same two-year statute of limitations. *See* Act of July 9, 1976, 42 Pa.C.S.A. § 5524(2).

2. In *Anthony,* our Court held that a plaintiff need not have knowledge that he or she has a cause of action for the statute of limitations to begin to run. *See also Wallace v. Horvath,* 283 Pa.Super. 179, 184, 423 A.2d 1047, 1050 (1980) (BROSKY, J., concurring).

6

from coke ovens erected by the defendants had caused their decedents to contract lung cancer which resulted in their deaths. The defendants argued that the Act of April 26, 1855 and the Act of June 24, 1895 barred the actions because they had been brought more than two years after the decedents' deaths. Our Court noted that no Pennsylvania court had previously decided whether the discovery rule applies to a "creeping disease" case, i. e., a case in which an individual has contracted a disease as a result of a continuous exposure to a hazardous substance. After reviewing the case law in other jurisdictions (including several asbestos cases), the Court agreed with the majority of courts that the discovery rule does apply to such a case.

Because asbestosis is a "creeping disease," the discovery rule applies to this case. Consequently, the two-year statute of limitations does not bar plaintiff's survival actions if before June 2, 1976, neither the decedent nor plaintiff discovered or reasonably should have discovered (1) the decedent's injury, (2) its operative cause, or (3) the causative relationship between the injury and the operative conduct. Similarly, plaintiff's wrongful death action is not barred by the one-year statute of limitations if neither the decedent nor plaintiff had or should have had the requisite knowledge before June 2, 1977. We must now determine whether plaintiff pleaded facts warranting application of the discovery rule to delay commencement of the periods of limitations sufficiently to maintain these actions. In so doing, we are mindful of the well settled rule that "[j]udgment on the pleadings should be allowed only where a case is free from doubt and trial would be a fruitless exercise. As with a demurrer, all the opposing party's well-pleaded facts must be accepted as true." *Blumer v. Dorfman*, 447 Pa. 131, 137, 289 A.2d 463, 467 (1972).

A plaintiff invoking the discovery rule to delay the commencement of the period of limitations must allege in

his or her pleadings facts which show why the action could not have been brought earlier. *See Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963); *Pulio v. Broad Street Hospital,* 267 Pa.Super. 581, 407 A.2d 394 (1979). Plaintiff argues that the averment in her amended complaint that the decedent was unaware of the nature and cause of his injury was sufficient to warrant application of the discovery rule. We disagree. At most plaintiff's amended complaint can be construed as alleging that the decedent did not know the nature and cause of his injury when he retired in 1966. As noted by the lower court, plaintiff did not allege that the decedent lacked and could not obtain such knowledge at the time of his death in 1972. Moreover, nowhere in her pleadings did plaintiff allege that *she* was unaware of and could not discover the nature and cause of the decedent's injury before June 2, 1976.[3] Because plaintiff did not properly invoke the discovery rule in her pleadings, the lower court correctly concluded that the statutes of limitations bar these actions.[4] Accordingly, because "trial would be a fruitless exercise," *Blumer v. Dorfman, supra,* we affirm the lower court's orders granting judgment on the pleadings to defendants and Amatex.

Orders affirmed.

[3] In her reply to the new matter of defendant Johns-Manville Products Corporation, plaintiff stated: "Plaintiff claims that due and proper notice was given, and is being given, as the extent and nature of plaintiff's [sic] disease has been, and is being determined, and the causal link between the said disease is related to asbestos dust inhalation and exposure." That statement is clearly insufficient to invoke the discovery rule.

[4] Plaintiff notes that in *Schaffer v. Larzelere, supra,* our Supreme Court remanded the case to allow the plaintiff to amend her pleadings. Unlike the plaintiff in *Schaffer,* however, plaintiff herein did not request the lower court to grant leave to amend her pleadings. Because plaintiff failed to seek relief in the lower court, we cannot now consider whether leave to amend should have been granted. *Smith v. Brown,* 283 Pa.Super. 116, 124, 423 A.2d 743, 747 (1980); *Teagle v. Hart,* 279 Pa.Super. 487, 491, 421 A.2d 304, 306 (1980); *Di Sante v. Russ Financial Co.,* 251 Pa.Super. 184, 190, 380 A.2d 439, 442 (1977).