## Lucasi v. Fraternal Order of Police Lodge No. 29

*Ambrose R. Campana,* for plaintiff.
*Ronald C. Travis,* for defendant.

RAUP, *P.J.,* January 14, 1982—This case is before the court on a motion for judgment on the pleadings filed by plaintiff. The action is in mandamus. Plaintiff, Fraternal Order of Police Lodge no. 29 seeks an order compelling defendant, the Mayor of the City of Williamsport to cooperate in the submission of an issue to arbitration in accordance with the collective bargaining agreement. The pleadings filed in this matter would establish the following relevant facts.

Plaintiff is the sole bargaining agent for, inter alia, uniform police officers below the rank of captain. The collective bargaining agreement provides for submission of grievances to final and binding arbitration. The pleadings also indicate that prior to January 1, 1977, employees were hired pursuant to pension plan no. 1, whereas after that date the City has taken the position that a new pension plan is operative. The specific language in the collective bargaining agreement is:

"With respect to all employees of the police department hired after January 1, 1977 the city takes the position that these new employees are to be cov-

ered under the new pension ordinance no. 4823 passed April 6, 1977. The FOP takes the position that the new employees should be covered under the old pension plan. The parties recognize that there is a conflict on this point and that the matter is to be resolved at some future time."

The pleadings also indicate that two individuals were hired as police officers on November 28, 1978 and February 12, 1979, respectively, and that both individuals signed waiver agreements prior to being hired as police officers. Those waiver agreements set forth the difference between pension plan no. 1 and pension plan no. 2, and that the individuals' employment would carry with it pension benefits under pension plan no. 2. The waiver agreement further provides that the particular prospective employee "hereby expressly waives his right to contend, grieve, or bring any sort of legal action in his own name, or to have the FOP bring such legal action on his behalf contending that he is entitled to pension coverage benefits and rights (under pension no. 1)."

Defendant mayor contends that the waiver agreements were entered into between the city and private individuals, i.e. prospective employees who were not at the time employees of the city and therefore were not subject to the provisions of the collective bargaining agreement. Accordingly, the mayor contends that the compulsory arbitration provisions of the collective bargaining agreement are inapplicable to the contentions of the two officers hired on the dates indicated.

Plaintiff contends that the record establishes that the issue raised by the two employees was the subject of collective bargaining and was in the collective bargaining agreement specifically identified and left for future resolution. Therefore, the

plaintiff contends that any issues of fact and any legal issues with respect to the validity of the waiver agreement signed by the employees in question would be subject to the grievance procedure including the mandatory arbitration provisions in the agreement.

The threshold question of whether the dispute is one that is covered under the terms of the arbitration agreement is for the Court to determine. Women's S.P.C.A. v. Savage, 440. Pa. 34, 269 A.2d 888 (1970). The issues before the court are therefore (1) whether the parties entered into an agreement to arbitrate and (2) whether the dispute falls within the arbitration clause. Lincoln University v. Lincoln University Chapter of the AAUP, 467 Pa. 112, 354 A.2d 576 (1976). The first prong of the test must be answered affirmatively, as Article 21 of the collective bargaining agreement, which contains the grievance procedure, includes an agreement to arbitrate disputes not resolved between the parties.

The second prong of the test must also be answered in the affirmative. The preamble to the grievance procedure set forth in Article 21 states as follows:

"Any permanent employee or group of employees aggrieved concerning wages, hours, or conditions of employment which are controlled by this Agreement, or which are provided for in any City ordinances, Police Department Rules or Regulation, which are not in conflict with this Agreement, or concerning any matter or conditions arising out of the employer-employee relationship, including the claim of unjust discrimination, or any matter or condition affecting health and safety beyond those normally encountered in all phases of police activity, shall seek adjustment, with or without the assistance of the Lodge as he so desires as follows . . . ."

The validity of the waiver agreement, and therefore the pension rights of the affected officers, involves a condition of employment which is covered generally by the agreement and which is provided for in a City ordinance. The collective bargaining agreement contemplates that any dispute involving an interpretation of the pension plan must be resolved through the grievance procedure, which includes the arbitration process. The parties acknowledged in the contract itself that a dispute existed as to which pension plan would apply to new employees, and that "the matter is to be resolved at some future time." If the parties anticipated that the arbitration process would not apply to resolution of a dispute which they specifically contemplated, they would have so provided.

Further, our courts have long held that resolution of disputes through arbitration is favored. Teamsters Local 74 v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571 (1962); Pittsburgh Joint Bargaining Committee, infra; South Williamsport Area School District v. South Williamsport Area Education Association, 15 Lycoming 56 (Pa. C.P. 1981). Unless "the contract clearly and expressly excludes the dispute from arbitration, the process set up in collective bargaining negotiations must prevail." Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh, 481 Pa. 66, 70-71, 391 A.2d 1318, 1320 (1978).

Because this matter is raised by motion for judgment on the pleadings, judgment should be granted "only where a case is free from doubt and trial would be a fruitless exercise." Coyne v. Porter-Hayden Co., 286 Pa. Super. 1, 428 A.2d 208, 210 (1981). Despite this strict standard, judgment on the pleadings is merited. Accordingly, judgment on the pleadings will be entered in favor of plaintiffs and against defendant.

## DECREE NISI

And now, January 14, 1982, judgment is entered in favor of the plaintiffs and against the defendant, together with costs. Defendant is directed to strike one of the remaining two names on the arbitration list within ten days of the date hereof. If the same is not done, the prothonotary is directed to do so. Unless exceptions are filed within ten days hereof, decree absolute may be entered upon praecipe of the plaintiff.