## Beck v. Mann

*Richard F. Stevens,* for plaintiff.
*Mark S. Sigmon,* for defendant.

DIEFENDERFER, *J.,* January 24, 1983—This matter comes before the court on defendant's motion for partial judgment on the pleadings. A suit in trespass was instituted by plaintiff, administrator of the estate of Mark Beck, on November 12, 1981, when a complaint was filed with the Lehigh County Clerk of Courts. The complaint alleges that defendant's actions on January 31, 1981, resulted in the death of Mark Beck. There were two counts upon which plaintiff relied; one count alleged damages for wrongful death, and the other count was a survival action. Both counts included a claim for punitive damages based upon alleged careless, reckless and wanton acts of defendant, Russell V. Mann.

An amended complaint was filed on February 23, 1982, which added the allegations that defendant's acts of January 31, 1981, were intentional. The pleadings reveal that in the early morning hours of January 31, 1981, it is alleged that defendant was driving a vehicle which struck Mark Beck, and numerous external and internal injuries resulted. It is further alleged that defendant's blood alcohol content was so high that his act of driving a motor vehicle was a reckless, wilful and wanton act. The amended pleading asks for punitive damages based upon defendant's alleged acts of driving in such a manner as to cause the death of Mark Beck.

Defendant has moved for partial judgment on the pleadings. Specifically, defendant asks this court to enter judgment in his favor on the issue of punitive damages. Judgment on the pleadings is properly entered where the case is so free and clear from doubt that a trial would be a fruitless exercise: Nevling v. Natoli, 290 Pa. Super. 174, 434 A. 2d

187 (1981). The courts of Pennsylvania may enter a partial judgment on the pleadings where it is properly indicated by the circumstances. See Kappe Associates, Inc. v. Aetna Casualty and Surety Co., 234 Pa. Super. 627, 341 A. 2d 516 (1975). The pleadings in this matter leave no doubt that plaintiff is not entitled to recover punitive damages based upon the allegations as stated.

Punitive damages for conduct involving carelessness, negligence, and reckless disregard for safety were abolished pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S.A. §1009.101, et seq. (Supp. 1982-83), as specifically stated in Section 1009.301(a) of that act.[1] Plaintiff alleges several instances of careless, negligent and intentional conduct of defendant which plaintiff argues are sufficient to state a cause of action because it is alleged that defendant's conduct was intentional. We disagree.

It is clear that punitive damages may be recoverable where it is alleged that the injuries were intentionally inflicted.[2] However, the pleadings do

---

1. Reimer v. Delisio, _____ Pa. Super. _____, 442 A. 2d 731 (1982). In that case, the Superior Court held that the legislature did not intend to retain a cause of action for tort liability for punitive damages unless the limited exceptions outlined in Section 301(a) apply. One of those exceptions, 40 Pa.C.S.A. §1009.301(a)(3), retains tort liability for an individual who intentionally *injures* himself or another.

2. Teagle v. Hart, 279 Pa. Super. 487, 421 A. 2d 304 (1980). In that case, the court affirmed a dismissal of a cause of action for punitive damages where intentional conduct was not alleged. The court adopted the definition of intentional conduct found in Section 209(b)(1) for purposes of interpreting Section 301(a)(3) of the No-fault Act. That definition clearly distinguishes intentional acts which result in unintended injuries from acts which were performed with intent to inflict injury. See 40 Pa.C.S.A. §208(b)(1).

not allege that defendant intentionally inflicted injuries upon plaintiff, but the complaint is limited to allegations that defendant's acts were intentional and that they resulted in injuries. This distinction between intentional acts and the intentional infliction of injuries is significant. This case is controlled by the holdings in Teagle and by Reimer, cited herein, and by the clear language of our legislature as found in the No-fault Act:

. . . An individual intentionally injures himself or another individual if he acts or fails to act for the purpose of causing such injury or with knowledge that such injury is substantially certain to follow. An individual does not intentionally injure himself or another individual:

(A) merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury; . . .

Act of July 19, 1974, P.L. 489, No. 176, Art. II, §208, effective in 12 months, 40 Pa.C.S.A. §1009.208(b)(1). Since the complaint fails to allege that defendant intentionally injured plaintiff, the punitive damages claim must fail.

We, therefore, grant defendant's motion for partial judgment on the pleadings and direct that the claims for punitive damages be stricken.

## ORDER

Now, January 24, 1983, for the reasons stated in the attached opinion, defendant's motion for partial judgment on the pleadings is hereby granted, and plaintiff's claim for punitive damages as stated in paragraphs 19 and 25 of plaintiff's complaint, and in plaintiff's prayer for relief, is stricken.