## Rhines's Administrators *versus* Evans.

1. In an action against an attorney for neglect to collect, the statute begins to run from the time the attorney first became liable.

2. An attorney gave a receipt for a note "for collection," the Statute of Limitation did not begin to run in his favor from the date of the note, but from a reasonable time afterwards for beginning proceedings.

3. In the absence of peremptory instructions, the attorney is allowed a reasonable discretion.

4. What is reasonable most frequently depends upon circumstances and then is for the jury.

5. Where the duty is immediate, the right of action arises and the statute begins to run from the attorney's receipt of the money.

6. Suit for neglect in not commencing proceedings was brought against an attorney seven years and five months after a note had been placed in his hands for collection. *Held*, as matter of law, that the statute was a bar.

7. Morrison *v.* Mullin, 10 Casey 17, Livingston *v.* Cox, 6 Barr 360, McDowell *v.* Potter, 8 Id. 189, remarked on.

October 20th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Jefferson county* : No. 127, to October and November Term 1870.

This was an action of assumpsit by the administrators of A. S. Rhines, deceased, against J. B. Evans, commenced July 27th 1865.

The cause of action was the neglect of the defendant in not using due diligence to collect a note placed in his hands for collection. The pleas were, the general issue and the Statute of Limitations.

The case was tried December 18th 1869 before Campbell, P. J.

The plaintiffs gave in evidence the following receipt :—

"$365.　　　　　　　　Brookville, February 10th 1858.

"Rec'd for collection of A. Rhines one note or due-bill on Lukins & Beeson, of Rochester, dated Oct. 30th 1857, for three hundred and sixty-five dollars.

　　　　　　　　　　　　　　　"J. B. EVANS."

Lukins, one of the drawers of the due-bill, testified, that they were solvent, and had been at and ever since they gave the due-bill; that they would not pay it, but would adopt any legal means to prevent its collection; that at the time the due-bill was given,

[Rhines v. Evans.]

it was the understanding that it was to be taken up in the next spring by a note; that they had given a note in the spring to a man representing himself to be the agent of Rhines, but the due-bill was not taken up; the note was paid at bank.

The plaintiffs read the deposition of John A. Myler, to which were attached these exhibits:—

" Received, Rochester, Pa., May 13th 1858, from Lukins & Beeson, their note of this date for three hundred and sixty-two dollars and thirty cents, payable to the order of Andrew S. Rhines, at the Merchants' and Manufacturers' Bank of Pittsburg, in four months. In consideration of the above, the undersigned John A. Myler agrees to pay, or cause to be paid, to the said Andrew S. Rhines a due-bill for three hundred and sixty-five dollars, dated in December last 1867, and signed by Lukins & Beeson.　　　．　　　JOHN A. MYLER."

" $372.30.　　　Rochester, Pa., May 13th 1858.
" Four months after date we promise to pay to the order of Andrew S. Rhines three hundred and seventy-two dollars and thirty cents. Value received. Payable at the M. and M. Bank of Pittsburg, Pa.　　　LUKINS & BEESON."

The deponent said the signature to the receipt had not been written by him; the writing was that of John S. Piehl, and made without the deponent's authority; the note was endorsed by him as an accommodation endorsement; the proceeds had not been placed to his credit; Piehl had run away in 1862 or 1863.

The court charged the jury: " Judge Evans's receipt being dated 10th February 1858, and this suit not being brought till July 1865, the Statute of Limitations, under the evidence, is a bar to the plaintiffs' recovery, and therefore your verdict ought to be for the defendant."

The verdict was for the defendant, and the plaintiffs took a writ of error, assigning the charge of the court for error.

*G. R. Jenks*, for plaintiffs in error, cited Zacharias v. Zacharias, 11 Harris 454; Morrison v. Mullin, 10 Casey 17; Vanhorn v. Scott, 4 Id. 317; Foster v. Jack, 4 Watts 340; McCoon v. Galbraith, 5 Casey 295; McDowell v. Potter, 8 Barr 190; Glenn v. Cuttle, 2 Grant 273; Campbell v. Boggs, 12 Wright 526.

There was no argument nor paper-book for the defendant in error.

The opinion of the court was delivered, January 3d 1871, by
AGNEW, J.—On the 10th of February 1858, J. B. Evans, Esq., gave his receipt to A. S. Rhines for a due-bill on Lukins & Bee-
16 P. F. SMITH—13

[Rhines v. Evans.]

son, of Rochester, Pa., dated October 30th 1857, for $365, for collection. Evans is called attorney in the paper-book; but whether he is an attorney at law does not appear, and is perhaps not very material: Campbell v. Boggs, 12 Wright 524. So far as we learn from the paper-book, nothing whatever appears to have been done by Evans toward the collection of the money. It appears, however, from the testimony of Lukins, that there was an understanding that the due-bill might be renewed in the following spring by a note; and Lukins & Beeson actually gave their note at four months, dated May 13th 1858, for $372.30, payable to the order of A. P. Rhines at the Merchants' and Manufacturers' Bank of Pittsburg. J. S. Piehl, the person who called on Lukins & Beeson and got the new note, acted without authority, and did not surrender the due-bill, for the reason, probably, that it was in the possession of Evans. The new note was endorsed by John A. Myler, as he says, as an accommodation endorser, and was paid by Lukins & Beeson at maturity. Lukins & Beeson considered themselves absolved from further liability, and Lukins, who was examined in 1869, said that they, Lukins & Beeson, would take any legal means to prevent collection. The Statute of Limitations was then a protection to them. During all this time we hear nothing of Evans, and of nothing done by him to collect the due-bill. This action is assumpsit, brought by Rhines against Evans on his undertaking of the 10th of February 1858, and was commenced on the 27th of July 1865. The court below held that the action was barred by the Statute of Limitations, and this is the only error assigned. How the second note came to be paid at the bank without the endorsement of Rhines, to whose order it was drawn, does not appear; but it is presumable, if it had been endorsed by him or by his authority, Evans would have shown it, and thus absolved himself. As the case stands, then, Evans took no step whatever to collect the due-bill of $365, and Rhines has lost his money. Under these circumstances, when did the Statute of Limitations begin to run? All the authorities agree in this, that it began when the cause of action first arose—that is, when Evans first became liable to Rhines for neglecting to collect the money: Campbell's Adm'rs v. Boggs, 12 Wright 524; Downey v. Garard, 12 Harris 52; Morrison's Adm'rs v. Mullin, 10 Casey 17; Barton v. Dickens, 12 Wright 518. But when did Evans become liable to Rhines for a neglect of duty? It is clear he did not at the date of the receipt, for that would allow no time to perform the duty. Clearly a reasonable time must be allowed to begin. The attorney must be invested with some discretion in the absence of peremptory instructions. As remarked by the present Chief Justice, Morrison's Administrator v. Mullin, *supra*, "to give effect to the spirit of the statute, the law sometimes, in the absence of stipulation

[Rhines v. Evans.]

by the parties, fixes the time when the cause of action shall be taken to have accrued, by the diligence required of the party. When the time for doing an act necessarily precedent to bringing a suit is indefinite, it allows a reasonable time. When that reasonable time has elapsed, the duty of diligence begins."

What is a reasonable time is a question most frequently dependent on circumstances, and therefore to be submitted in such cases to the jury. In the case of Livingston v. Cox, 6 Barr 360, a suit against an attorney for neglect of duty, six months' failure to commence a suit against a debtor in failing circumstances seems to have been held an unreasonable time, and the plaintiff Cox recovered against Livingston. And where the duty is immediate, as in the collection of money, the right of action accrues and the statute begins to run from the time of the attorney's receipt of the money, even though he gives no notice of its collection, the law deeming it gross negligence on part of the creditor to neglect to make inquiry for six years, unless the attorney has been guilty of concealment or of some act to put his client off his guard. Such is the modern doctrine qualifying and to some extent overruling McDowell et ux. v. Potter, 8 Barr 189, and some previous cases. See Campbell's Administrator v. Boggs, 12 Wright 524, Downey v. Garard, 12 Harris 52, and authorities therein cited. The same duty of diligence on part of the creditor to prevent the bar of the statute, is to be found in analogous cases; as where a call for instalments under a subscription to stock is necessary: Railroad Co. v. Byers, 8 Casey 22. See also Morrison v. Mullin, supra. Let us examine, then, in view of these principles, the facts of the case before us. Evans received the note for collection on the 10th of February 1858, and this suit was not commenced against him until seven years and five months had elapsed. Was the period of one year and five months sufficient to enable the court to say as a matter of law, that the delay by Evans for that time to take any steps toward collection was unreasonable? Doubtless it was in the power of Rhines to show, if the facts were so, that during this time Evans had proceeded diligently, and that the lack of diligence occurred afterward during the period of the remaining six years; or to show that Evans had given him false information or otherwise misled him, and thus to prevent the bar of the statute. But as the case stands before us Evans did nothing whatever, and Rhines remained quiescent during this whole period of seven years and five months. Under these circumstances what was to be left to the jury? There were no facts, no circumstances to enable them to determine the reasonableness or unreasonableness of the delay except the mere lapse of time, and this was fully within the knowledge of the court. It became, therefore, a question of law for the court to decide, and surely it is not a difficult question to determine, for

[Rhines *v*. Evans.]

no one could assert that it is reasonable the attorney should delay seventeen months without taking a step; or that the creditor should delay seven years and five months without making an inquiry or bringing a suit.

The plaintiff in error contends that the understanding testified to by Lukins that Lukins & Beeson were to have an extension of time on the due-bill and the giving of the new note which fell due on the 13th September 1858, were a sufficient excuse for the delay until September 1858, leaving but ten months intervening before suit brought, and that this is not an unreasonable time to delay before proceeding to collect the money. But there is no evidence that the fact of the renewal was known either to the plaintiff or the defendant, or that the defendant was postponed by it. Had the plaintiff consented to it, that itself would have discharged the defendant, for the renewed note was paid at maturity. If the renewed note had anything to do with Evans's delay in proceeding on the original due-bill, it does not appear, while if he had taken prompt steps the new note would have been discovered, and if given by Lukins & Beeson without the plaintiff's authority, they could have been pursued on the due-bill in time to prevent the claim of the plaintiff against them from being barred by the Statute of Limitations. From these views it is evident that the judgment of the court must be affirmed, not, however, because the statute began to run from the date of the receipt, but because the negligence of Evans was so great, that, standing unredeemed by any facts or circumstances in the case, the court was bound to say to the jury that the period of delay of seventeen months was unreasonable, and the statute had barred the plaintiff's action before he began his suit.

Judgment affirmed.