459 A.2d 841

**Nathaniel MOORE, Appellant,**

v.

**Ralph B. McCOMSEY, Jr., Jan B. Walters, Herman Simms, Lieutenant Martin, Lawrence Ruggiano and Thomas Harting, Appellees.**

Superior Court of Pennsylvania.

Submitted May 24, 1982.

Filed May 6, 1983.

Brosky, J., filed concurring opinion.

Nathaniel Moore, in propria persona.

John P. Hohenadel, Lancaster, for appellees.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Nathaniel Moore was arrested on September 16, 1972 and charged with the fatal shooting of Edward Bruce Wiker. He was tried by jury and found guilty of murder in the first degree and was sentenced to imprisonment for life. The judgment of sentence was affirmed by the Supreme Court on July 7, 1975. See: *Commonwealth v. Moore*, 462 Pa. 231, 340 A.2d 447 (1975).

On February 8, 1979, Moore brought a civil action in trespass to recover damages against the public defenders

assigned to represent him, alleging that their negligence had caused his conviction and incarceration.[1] His complaint also contained a claim against the police officers who had placed him under arrest.[2] Although his pro se complaint was inartfully drafted, we are able to discern therefrom causes of action for (1) civil rights violations under 42 U.S.C. § 1983, (2) false arrest, (3) false imprisonment, (4) assault and battery, and (5) malicious abuse of process. After the pleadings had been closed, the trial court granted all defendants' motions for summary judgment on grounds that Moore's alleged causes of action were barred by the statute of limitations contained in the Judicial Code at 42 Pa.C.S. § 5524. Moore appealed. We affirm.

"Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him.... Unlike a motion for summary judgment, the power of the court to enter a judgment on the pleadings is further circumscribed by the requirement that the court consider only the pleadings themselves and any documents properly attached thereto." *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 378, 224 A.2d 174, 178–179 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967) (footnote and citations omitted). Accord: *Karns v. Tony Vitale Fire-*

1. Moore's complaint was initially filed in the Commonwealth Court but thereafter transferred to the Court of Common Pleas of Lancaster County.
 Moore had been represented during his criminal trial and on appeal by Lawrence Ruggiano, Esquire, and Thomas Harting, Esquire. Ruggiano died during the pendency of the present civil action, and his personal representative has not been substituted as a party. Nevertheless, his personal attorney has continued to represent him.

2. The policemen who have been named as defendants are Ralph B. McComsey, Jr., Jan G. Walters, Herman Simms and Miles V. Martin, members of the Police Department of the City of Lancaster.

*works Corporation,* 436 Pa. 181, 184, 259 A.2d 687, 688 (1969); *Del Quadro v. City of Philadelphia,* 293 Pa.Super. 173, 176–177, 437 A.2d 1262, 1263 (1981); *Balush v. Borough of Norristown,* 292 Pa.Super. 416, 419, 437 A.2d 453, 454 (1981); *Nevling v. Natoli,* 290 Pa.Super. 174, 177, 434 A.2d 187, 188 (1981); *Zelik v. The Daily News Publishing Co.,* 288 Pa.Super. 277, 279, 431 A.2d 1046, 1047 (1981); *Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 584, 407 A.2d 394, 396 (1979).

The Judicial Code, at 42 Pa.C.S. § 5524(1) and (2), establishes two year limitations for the commencement of actions "for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process" and "to recover damages for injuries to the person ... caused by the ... negligence of another."

■ Appellant's alleged causes· of action against the arresting police officers accrued when he was arrested on September 16, 1972. The actions were barred after two years had elapsed. The present action, commenced more than six years after causes of action arose, was untimely, and the trial court properly entered judgment on the pleadings in favor of the arresting policemen.

■ Appellant contends that an action for violations of the federal civil rights statute cannot be barred by a statute of limitations enacted by a state legislature. His contention is clearly incorrect. There is no federal statute of limitations applicable to civil rights actions under 42 U.S.C. § 1983. The applicable statute of limitations is the state statute which is applicable to the conduct alleged to have violated the plaintiff's civil rights. *Polite v. Diehl,* 507 F.2d 119, 122 (3rd Cir.1974); *Ammlung v. City of Chester,* 494 F.2d 811, 814 (3rd Cir.1974); *Henig v. Odorioso,* 385 F.2d 491, 493 (3rd Cir.1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968), *rehearing denied,* 391 U.S. 929, 88 S.Ct. 1814, 20 L.Ed.2d 671 (1968); *Salaneck v. State Trooper Olena,* 558 F.Supp. 370, 371 (E.D.Pa.1983); *Carpenter v. Dizio,* 506 F.Supp. 1117, 1120–1121 (E.D.Pa.1981), *aff'd without opinion,* 673 F.2d 1298 (3rd Cir.1981); *Chappelle v. Chase,* 487 F.Supp. 843, 846 (E.D.Pa.1980); *Wilkin-*

*son v. Ellis,* 484 F.Supp. 1072, 1078 (E.D.Pa.1980); *Getz v. Bruch,* 400 F.Supp. 1033, 1035 (E.D.Pa.1975).

■ Appellant also argues that his cause of action for false imprisonment cannot be barred because he continues to be in prison and the offense, therefore, is continuing. Although it is correct that appellant is still incarcerated, he is not presently being detained by virtue of any continuing conduct on the part of the present appellees. Rather, he is presently detained because of a valid judgment of sentence imposed following conviction for murder.

A novel and more difficult issue is the period of limitation applicable to a civil action for legal malpractice against a public defender whose negligence is alleged to have been the cause for plaintiff's criminal conviction and incarceration. If such an action is for "injuries to the person" negligently inflicted, the applicable limitation is two years. 42 Pa.C.S. § 5524(2). If the action is based on an alleged breach of an oral contract of hiring or a contract implied in law, the limitation is four years. 42 Pa.C.S. § 5525(3) and (4). Finally, if the cause of action is based upon a written contract or if no other statute of limitations is applicable, the action must be commenced within six years. 42 Pa.C.S. § 5527(2) and (6).

■ Prior decisions have usually treated the default or malpractice of an attorney as a breach of contract between attorney and client and have applied the six year statute of limitations contained in the Act of March 27, 1713, 1 Sm.L. 76, 12 P.S. § 31, now repealed. See: *Huffman Estate, (No. 3),* 349 Pa. 59, 36 A.2d 640 (1944); *Rhines' Administrators v. Evans,* 66 Pa. 192 (1871); *Campbell's Administrator v. Boggs,* 48 Pa. 524 (1855); *Skyline Builders, Inc. v. Kellar,* 50 D & C.2d 19 (Leh.C.P.1970). In the instant case, however, there was no contract of employment between appellant and trial counsel, for counsel had been court appointed. Similarly, we deem it unrealistic to attempt to confer upon appellant the status of a third party beneficiary to a contract between the Commonwealth and appointed counsel. We conclude, rather, that appellant's cause of action was based not upon breach of contract by his counsel but upon

the alleged negligence of counsel in handling his criminal case.

The two year statute of limitations is applicable to actions where the wrongful act or negligence of another has caused "injuries to the person." 42 Pa.C.S. § 5524(2). We must determine, then, whether appellant's claim in this action is for injury to his person. We conclude that it is. "Personal injury" is defined in Black's Law Dictionary (5th Ed.1979) as follows:

> "Personal injury. In a narrow sense, a hurt or damage done to a man's person, such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation. The phrase is chiefly used in this connection with actions of tort for negligence and under worker's compensation statutes. But the term is also used (chiefly in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering."

Appellant's pro se complaint describes his cause of action in various ways, but his claim for damages is based upon conduct of counsel which allowed his conviction and subsequent incarceration. This, in a broad sense, is a claim for injury to his person. As such, we hold that it must be commenced within two years.

■ The general rule is that the statute begins to run from the time the negligent act is done. *Med-Mar, Inc. v. Dilworth,* 214 Pa.Super. 402, 405–406, 257 A.2d 910, 912 (1969). The purpose of a statute of limitations is to expedite litigation and to discourage stale claims. *Insurance Company of North America v. Carnahan,* 446 Pa. 48, 51, 284 A.2d 728, 729 (1971); *Ulakovic v. Metropolitan Life Insurance Co.,* 339 Pa. 571, 575–576, 16 A.2d 41, 42–43 (1940). One who asserts a claim against another has a duty to use all reasonable diligence to inform himself of the facts and to institute the suit within the prescribed period. *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269

(1963); *Platts v. Government Employees Insurance Co.,* 301 Pa.Super. 379, 381, 447 A.2d 1017, 1018 (1982); *Med-Mar, Inc. v. Dilworth, supra* 214 Pa.Super. at 406, 257 A.2d at 912. Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the limitations period. *Walters v. Ditzler,* 424 Pa. 445, 449, 227 A.2d 833, 835 (1967); *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 93, 204 A.2d 473, 475 (1964); *McNair v. Weikers,* 300 Pa.Super. 379, 387, 446 A.2d 905, 909 (1982); *Henry v. Control Products Company,* 284 Pa.Super. 417, 420, 426 A.2d 116, 118 (1981), *appeal dismissed,* 496 Pa. 229, 436 A.2d 982 (1981); *Acker v. Palena,* 260 Pa.Super. 214, 221, 393 A.2d 1230, 1233 (1978); *Courts v. Campbell,* 245 Pa.Super. 326, 330, 369 A.2d 425, 427 (1976). The only exception to this general rule is where the existence of an injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period. In such cases, the prescribed statutory period does not begin to run until discovery of the injury is reasonably possible. *William B. Tenny, Builder & Developer v. Dauphin Deposit Bank & Trust Co.,* 302 Pa.Super. 342, 345, 448 A.2d 1073, 1076 (1982); *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 585, 435 A.2d 181, 183 (1981); *Wallace v. Horvath,* 283 Pa.Super. 179, 183, 423 A.2d 1047, 1049 (1980); *Acker v. Palena, supra* 260 Pa.Super. at 219, 393 A.2d at 1232.

 To come within this exception, it was essential that appellant have made reasonable efforts to protect his interests and explain why he was unable to discover promptly the operative facts necessary to plead his cause of action. *Bickell v. Stein,* 291 Pa.Super. 145, 150, 435 A.2d 610, 612 (1981). No such averments have been made. Imprisonment alone is insufficient to extend the prescribed limitation. 42 Pa.C.S. § 5533. The fact that appellant filed a P.C.H.A. petition in the criminal action alleging ineffective assistance of counsel was entirely inadequate to toll the running of the statute on the civil action.

Appellant contends that he was deceived by his attorneys because they did not disclose to him that they had made

mistakes at trial and on appeal which subjected them to a civil action for damages.[3] However, he has not alleged that he was unaware of counsel's acts of misfeasance or the injury caused thereby. On the contrary, he was present during the trial and also when the verdict was returned and, subsequently, when sentence was imposed. The errors of counsel, if any, were not committed in secret. Not only were they committed in public, but they were perpetuated in a record continuously available for examination. Appellant simply failed to act promptly to preserve his rights. He will not be excused from the consequences of his delay because, as he contends, his public defenders didn't tell him that they had been negligent. Rather, it is patently clear that appellant failed to "use all reasonable diligence necessary to inform himself of facts and circumstances ... and to institute the suit within the statutory period." *Platts v. Government Employees Insurance Co., supra.* Therefore, "trial would be a fruitless exercise." *Blumer v. Dorfman,* 447 Pa. 131, 137, 289 A.2d 463, 467 (1972); *Coyne v. Porter-Hayden Company,* 286 Pa.Super. 1, 6, 428 A.2d 208, 210 (1981).

The order entering judgment on the pleadings is affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I concur in the result reached by the majority. I write separately to comment upon the question of what statute of limitations should apply to appellant's suit against his former court appointed counsel.

The majority concludes that the suit alleges injuries to the person and that a two-year statute of limitations governs the case. I agree.

Appellant filed an answer in response to new matter that had been raised by his former counsel. In his new matter,

3. The Supreme Court held that public defenders are not entitled to immunity and may be subject to civil liability for malpractice in *Reese v. Danforth,* 486 Pa. 479, 406 A.2d 735 (1979).

Mr. Moore's former attorney indicated some uncertainty as to what was the nature of the complaint. Appellant wrote, "Plaintiff filed a writ of summons which indicated that the action, although inclusive of multiple causes of action, should lie in trespass to the person and personal rights." Although appellant has represented himself throughout these proceedings and might not be held strictly to our rules, or expected to employ legal terminology correctly, his answer indicates clearly that he intended his action as one for personal injury.

The record provides sufficient basis for our decision, and I would limit our comments to the facts of that record. That is, I would refrain from commenting, as does the majority, that suits against public defenders should not be construed as breach of contract cases. While I agree that this case should not be treated as a contract case, I have not had occasion to consider whether some other malpractice suit against a public defender might allege breach of contract. The issue was not argued or briefed in this case, and I believe that we should refrain from general comment.