## Yanushefski v. Metropolitan Life Insurance Company

*John E. O'Connor,* for plaintiff.
*Lucille Marsh,* for defendant.

DALESSANDRO, *J.,* June 10, 1985—

## NATURE OF PROCEEDINGS

This matter is before the court on defendant's motion for judgment on the pleadings.

## HISTORY AND FACTS

This action was commenced by the filing of a praecipe of summons on December 24, 1980. The complaint, filed on February 12, 1981, alleges that, because of the death of plaintiff's husband as a result of an accident which occurred on December 20, 1979, there is due and owing to plaintiff by defendant the sum of $16,000; plaintiff demands judgment in this amount pursuant to the accidental death benefit provision of the Federal Employee Group Life Insurance Program which is underwritten and administered by defendant.

Defendant filed an answer and new matter on December 13, 1983; on April 3, 1985, defendant filed a motion for judgment on the pleadings and submit-

ted a brief to the court in support of its motion. No reply or other response has been filed by plaintiff.

## DISCUSSION AND LAW

In considering a motion for judgment on the pleadings, this court is guided by the following principles:

"Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him. . . . Unlike a motion for summary judgment, the power of the court to enter a judgment on the pleadings is further circumscribed by the requirement that the court consider only the pleadings themselves and any documents properly attached thereto." (Ellipsis in original; citations omitted) Moore v. McComsey, 313 Pa.Super. 264, 267, 459 A.2d 841, 843 (1983). However, Pa.R.C.P. 1029, captioned "Denials. Effect of Failure to Deny," provides as follows:

"(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission." A bald, general denial, bereft of any demand for proof, or averment of reasonable investigation, or possession of knowledge by adverse party or hostile person, constitutes an admission. Bogley, Harting & Reese v. Stuart, 11 D.&C. 3d 303 (1979). "If the averments of plaintiffs complaint are fact, showing . . . [defendant's liability], it seems clear that judgment on the pleadings is warranted."

Bogley at 308. According to the Bogley court, one purpose of Rule 1029 is to enable the parties to focus upon the facts on which they disagree and to achieve agreement as to the matters not in dispute, obviating the need for presenting evidence thereon; this aids the parties in preparing the case and reduces the time taken for trial.

It is clear from the above principles that defendant faces a heavy burden in its pursuit for judgment on the pleadings. We find that this burden has been met in the case at bar.

Defendant relies upon two grounds for its contention that plaintiff is not entitled to receive accidental death benefits. First, defendant asserts that plaintiff's deceased husband, at the time of his death, was retired from his employment with the Federal Government due to his disability and was receiving an annuity. For support of this assertion, defendant points to the complaint of plaintiff. Indeed, the complaint, at paragraph three, states that, at the time of his death plaintiff's husband "was a disabled employee" of the Veteran's Administration Hospital in Wilkes-Barre. Additionally, attached to the complaint is an exhibit which attests that plaintiff's husband was a retired, disabled employee who was receiving an annuity. In light of these facts, defendant cites 5 U.S.C.A. §8701, et seq., for authority that plaintiff's deceased husband was no longer covered by the accidental death benefit provision at the time of his death.

Attached to plaintiff's complaint is a certificate of insurance which sets forth the provisions of the group life insurance policy which covered plaintiff's husband. In relevant part, this exhibit states as follows:

"If at the time your insurance would otherwise stop under item (1) or (2) of "Discontinuance of In-

surance" the Civil Service Commission determines that you are retiring on an immediate annuity because of disability . . . and you do not exercise your right to convert to an individual policy, then life insurance only (NOT accidental death and dismemberment insurance) will continue during retirement." It appears from plaintiff's complaint and attached exhibits that plaintiff's deceased husband is subject to this provision. In addition, plaintiff fails to allege that, prior to his death, her husband had converted to an individual policy; if such were the case, plaintiff indeed may be entitled to accidental death benefits.

Based upon the facts before us, it is our determination that plaintiff's husband, at the time of his death, was not covered by the accidental death benefit provision of a policy issued by defendant. See 5 U.S.C.A. §8701 et seq., 8706 (b) (1); Hefner v. Metropolitan Life Insurance Company, 329 F. Supp. 356 (1971).

Defendant also seeks judgment on the pleadings by asserting that her husband's death was not accidental, but self-inflicted and thus barring plaintiff's recovery of the accidental death benefits. Because this assertion is presented by defendant in its new matter, without response from plaintiff, the assertion must be deemed to be admitted by plaintiff. See Pa. R.C.P. 1029. For practical purposes, we need not go any further in our inquiry of whether the pleadings show that the death of plaintiff's husband was accidental or self-inflicted, as we have already determined that plaintiff's husband was not covered by the accidental death provision.

Based on the foregoing reasons, defendant's motion for judgment on the pleadings is granted. An appropriate order will be entered.

## ORDER

Now, this June 10, 1985, it is hereby ordered that defendant's motion for judgment on the pleadings is granted.