Christine YOUNG

v.

CITY OF PHILADELPHIA.

Civ. A. No. 90–2728.

United States District Court,
E.D. Pennsylvania.

Aug. 21, 1990.

---

Jay Meyers, Philadelphia, Pa., for plaintiff.

Lionel Sharpless, Chief Asst. City Sol., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

Defendant City of Philadelphia has moved for summary judgment under Fed. R.Civ.P. 56(b) challenging plaintiff's civil rights complaint as barred by Pennsylvania statutes of limitation.[1]  For the reasons stated below, defendant's motion is granted.

Upon review of the materials properly before the court and considering them in a light most favorable to the non-moving party, summary judgment may only be granted if the court is convinced that no genuine issue of material fact remains for trial and that the movant is entitled to judgment as a matter of law. *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983).

The following facts are undisputed. Philadelphia police officers arrested plaintiff Christine Young on January 5, 1988, for alleged criminal activity including simple assault, aggravated assault, conspiracy, and violation of the Uniform Firearms Act. Plaintiff was fingerprinted and confined until February 3, 1988.  Juvenile court dismissed charges against plaintiff on March 22, 1988.  On March 20, 1990, plaintiff filed suit against defendant City of Philadelphia asserting civil rights violations under 42 U.S.C. § 1983 and pendent state claims of false arrest, false imprisonment, negligence, intentional infliction of emotional distress, and invasion of privacy.

## I.  STATE CLAIMS

■ Section 5523 of Pennsylvania's limitation statutes states, "The following actions and proceedings must be commenced within one year: (1) An action for ... invasion of privacy."  42 Pa.Cons.Stat.Ann. § 5523 (Purdon's Supp.1990).  Plaintiff commenced her action for invasion of privacy over two years after the arrest and imprisonment on which it was based.  This claim is clearly barred.

The limitations applicable to plaintiff's remaining state causes of action are set out in 42 Pa.Cons.Stat.Ann § 5524 (Purdon's Supp.1990):

The following actions and proceedings must be commenced within two years:

(1) An action for ... false imprisonment, false arrest, ...

(2) An action to recover damages for injuries to the person ... caused by ... negligence of another.

.    .    .    .    .

(7) Any other action or proceeding to recover damages for injury to person ... which is founded on negligent, intentional, or otherwise tortious conduct....

The two-year limitation generally begins to run from the time a plaintiff suffers an injury.  *Morgan v. Johns–Manville Corp.*, 354 Pa.Super. 58, 61, 511 A.2d 184, 186 (1986).  In the instant case, plaintiff Young was injured on January 5, 1988, the day she was arrested.  *See Moore v. McComsey,*

---

1.  "A party against whom a claim, counterclaim, or cross claim is asserted ... may, *at any time, move with or without supporting affidavits* for a summary judgment in the party's favor as to all or any part thereof."  Fed.R.Civ.P. 56(b) (emphasis added).  Plaintiff has argued, with no citation, that summary judgment is inappropri-

ate because defendant has conducted no discovery and has filed no affidavits.  Plaintiff's position has no merit in this case because no amount of discovery would change the operative facts, namely the dates of arrest, release from confinement, dismissal of charges, and commencement of suit.

313 Pa.Super. 264, 268, 459 A.2d 841, 843 (1983) (plaintiff's false arrest and false imprisonment claims accrued on date of arrest). Her filing two years and two months later was therefore untimely.[2]

## II. § 1983 CLAIM

 Pennsylvania's two-year personal injury limitation also provides the appropriate limitation period for § 1983 claims brought in Pennsylvania. *Smith v. City of Pittsburgh,* 764 F.2d 188, 194 (3d Cir.1985), *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). Federal law, however, determines when a § 1983 cause of action accrues. *Drum v. Nasuti,* 648 F.Supp. 888, 903 (E.D.Pa.1986) (citing *Deary v. Three Un–Named Police Officers,* 746 F.2d 185, 197 n. 16 (3d Cir.1984)), *aff'd per curiam,* 831 F.2d 286 (3d Cir.1987).

A § 1983 civil rights claim will accrue when plaintiff "knew or had reason to know of the injury that constitutes the basis of this action." *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir.1982). As applied to the facts of this case, plaintiff's § 1983 claim accrued on the date of her arrest in January 1988, or at the latest, on the date of her release from confinement in February 1988.[3] *See Deary v. Three Un–Named Police Officers,* 746 F.2d 185, 197 n. 16 (3d Cir.1984) (plaintiff's civil rights action based on false arrest and false imprisonment accrued on date of arrest and release on bail); *see also Rose v. Bartle,* 871 F.2d 331 (3d Cir.1989) (explaining *Deary* accrual holding). Neither date would place plaintiff's March 1990 com-

mencement of her civil rights action within the prescribed two-year limitation.

---

**2.** We are mindful that Pennsylvania Superior Court opinions are not binding upon this court. However, in the absence of any indication that the highest state court would rule otherwise, decisions of intermediate appellate courts are evidence of state law and must be given significant weight. *General Elec. Credit Corp. v. Ger–Beck Mach. Co.,* 806 F.2d 1207, 1209 (3d Cir. 1986).

**3.** Plaintiff's reliance on *Cahill v. Carroll,* 695 F.Supp. 836 (E.D.Pa.1988) for the proposition that her § 1983 claim accrued the day her charges were dismissed is inapposite. In *Cahill,* the allegedly time barred § 1983 claim did not arise from the injury of arrest. Rather, it de-

rived from defendants' negligence in continuing to press charges of possession and possession with intent to deliver counterfeit controlled substances after a crime lab analysis disclosed the substances were not counterfeit within the meaning of the offense. The issue before the court in *Cahill* was when could plaintiff have reasonably known the substances police had found on his person did not chemically qualify as counterfeit. Since there was no evidence in the record that plaintiff received a copy of the lab report, the court found that plaintiff's action accrued the day his claim was *nol prossed,* the day he learned or reasonably could have learned of the lab test results.