J-S76042-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BENJAMIN DENNERLEIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS KURT FUCHEL, SR. | : | No. 977 WDA 2018 |

Appeal from the Order Entered June 5, 2018
In the Court of Common Pleas of Beaver County Civil Division at No(s):
11110-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED DECEMBER 31, 2018

Benjamin Dennerlein (Appellant) appeals pro se from the order sustaining the preliminary objections of Appellee Thomas Kurt Fuchel, Sr. (Fuchel) to Appellant's amended complaint, and dismissing the complaint with prejudice.  We affirm.

The trial court summarized the facts and procedural history as follows:

In June of 2009, [Appellant] was charged with homicide in connection with an incident that occurred in Freedom Borough, Beaver County, Pennsylvania in May of that year.  Fuchel was a member of the Beaver County Public Defender's Office at the time and was assigned to represent [Appellant] in his criminal case. The case was scheduled for a jury trial before the Honorable John Dohanich and the jury convicted [Appellant] of first-degree murder on August 3, 2010.  On September 29, 2010, Judge Dohanich sentenced [Appellant] to life imprisonment without the possibility of parole.

No post-sentence motions were filed, but a timely notice of appeal was filed with the Superior Court by [Appellant] himself on October 27, 2010.  The . . . conviction was affirmed, by Opinion and Order of the Superior Court dated April 2, 2012.  A timely

petition for allowance of appeal was presented to the Pennsylvania Supreme Court, which was denied by Order of the Supreme Court dated October 22, 2012. [Appellant] filed a timely pro se petition for post-conviction relief and Attorney Mitchell Shahen was appointed by the Court to represent [Appellant] in the post-conviction proceedings. Attorney Shahen filed an Amended Petition for Post-Conviction Collateral Relief ("PCRA") before the Honorable James Ross on April 7, 2014. Following a hearing and after receiving testimony from various witnesses, the PCRA [c]ourt denied [Appellant]'s petition and the Superior Court subsequently affirmed the denial in an unpublished memorandum opinion. By Order dated March 24, 2016, the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal.

Notwithstanding ultimately finding no merit in [Appellant]'s PCRA petition, the PCRA court recounted "troubling" events which occurred between Fuchel and [Appellant] at the Beaver County Jail just prior to trial. The court also found Fuchel to be ineffective for failing to cross-examine Commonwealth witnesses, but that the prejudice incurred did not meet the threshold required to overturn the verdict.

Trial Court Opinion, 6/5/18, at 1-3 (footnotes omitted).

On January 11, 2018, Appellant filed a complaint against Fuchel in which he raised a breach of contract claim based on allegations of legal malpractice, and asserted that he was entitled to compensatory damages for Fuchel's performance as his attorney during his criminal trial. On March 9, 2018, Fuchel filed preliminary objections in the nature of a demurrer in which he argued that Appellant's breach of contract claim failed to state a claim upon which relief could be granted. In response, on April 4, 2018, Appellant filed an amended complaint. On April 13, 2018, Fuchel filed preliminary objections to Appellant's amended complaint. On June 5, 2018, the trial court issued a memorandum opinion and order sustaining Fuchel's preliminary objections

- 2 -

and dismissing Appellant's complaint with prejudice. This timely appeal followed.

On appeal, Appellant presents the following issues for review:

I. Did the trial court err in sustaining [Fuchel]'s preliminary objections in the nature of a demurrer by relying solely on the decisions in Moore v. McComsey, 459 A.2d 841 (Pa. Super. 1983) and Ibn-Sadiika v. Riester, 551 A.2d 1112 (Pa. Super. 1988) claiming [Appellant] cannot maintain a breach of contract action against [Fuchel], when [Fuchel] was a public defender, thereby creating de facto immunity?

II. Does constitutional prohibition of a law impairing the obligation of contracts extend to an indigent, third party criminal defendant beneficiary, when to hold otherwise would induce a contracting party's fraudulence?

Appellant's Brief at 4.

Appellant challenges the trial court's decision to sustain Fuchel's preliminary objections and dismiss Appellant's complaint with prejudice. The standard of review of a challenge to a trial court's decision to grant preliminary objections is as follows:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it

- 3 -

should be resolved in favor of overruling the preliminary objections.

Feingold v. Hendrzak, 15 A.3d 937, 941 (Pa. Super. 2011) (quoting Haun v. Cmty. Health Sys., Inc., 14 A.3d 120, 123 (Pa. Super. 2011)).

In his first issue, Appellant argues that the trial court erred in determining that he could not pursue a breach of contract claim against Fuchel. He maintains that there was an implied contract between him and Fuchel, and it would be inequitable to leave Appellant "with no remedy at law and permit Fuchel to receive de facto immunity for his intentional misconduct" at Appellant's criminal trial. Appellant's Brief at 18.

In Bailey v. Tucker, 621 A.2d 108 (Pa. 1993), our Supreme Court explained that in a criminal defense malpractice action, a plaintiff can maintain an action in both trespass (professional negligence) and assumpsit (breach of contract). Id. at 112, 115. Where a plaintiff seeks to bring a professional negligence claim against a criminal defense attorney, the plaintiff must establish the following:

(1) The employment of the attorney;

(2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;

(3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an aquittal or a complete dismissal of the charges.

(4) As a result of the injury, the criminal defendant/plaintiff suffered damages.

(5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; additionally, although such finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.

Id. at 114-15 (footnotes omitted).

Here, Appellant cannot, and indeed, did not bring a negligence claim against Fuchel. Based on the failure of his ineffective assistance of counsel claims before the PCRA court, Appellant cannot demonstrate that but for Fuchel's alleged misconduct, the jury would have acquitted him of his homicide charges. See id. Instead, Appellant has raised a breach of contract claim against Fuchel. With respect to assumpsit, or breach of contract claims, the Bailey Court explained:

This claim is a contract claim and the attorney's liability in this regard will be based on terms of that contract. Thus, if an attorney agrees to provide his or her best efforts and fails to do so an action will accrue. Of course an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large.

Thus, this cause of action proceeds along the lines of all established contract claims. It does not require a determination by an appellate court of ineffective assistance of counsel, nor does the client need to prove innocence.

Id. at 115.

The trial court provided the following reasoning in support of its determination that Appellant could not sustain a breach of contract claim against Fuchel:

[Appellant] cannot maintain a breach of contract action against Fuchel because Fuchel was a public defender and [Appellant] had no contract with Fuchel, implied or otherwise, despite his arguments to the contrary. In Moore v. McComsey, the Superior Court held there was no contract of employment between appellant and his public defender, for counsel had been court appointed. 459 A.2d 841, 844 (Pa. Super. 1983). The court "deem[ed] it unrealistic to attempt to confer upon appellant the status of a third party beneficiary to a contract between the Commonwealth and appointed counsel." Id. This sentiment was reiterated in Ibn-Sadiika v. Riester, where the court stated "[i]t has already been established that a contract of employment does not exist between a defendant and court-appointed counsel, and that a legal malpractice action against court-appointed counsel will lie only in trespass." 551 A.2d 1112, 1114 n.2 (Pa. Super. 1988), citing Moore, supra (emphasis added). Accordingly, [Appellant]'s breach of contract action must fail.

Trial Court Opinion, 6/5/18, at 7-8 (footnote omitted).

We agree with the trial court's rejection of Appellant's breach of contract claim and the rationale underlying the decision. As this Court has explicitly stated, in both Moore and Riester, a criminal defendant may not maintain a breach of contract action against court-appointed counsel (e.g., a public defender). Riester, 551 A.2d at 1114 n.2; Moore, 459 A.2d at 844. Additionally, as the Commonwealth points out, this conclusion comports with our Supreme Court's decision in Bailey, which held that the damages recoverable in a breach of contract action against a criminal defense attorney are "limited to the amount actually paid for the services plus statutory interest." Bailey, 621 A.2d at 115. Because court-appointed counsel – particularly public defenders – are not paid by their clients, a criminal defendant cannot maintain a breach of contract claim against a public

defender because there are no fees to recover. Therefore, the trial court did not err in determining that Appellant's breach of contract claim does not merit relief.

In his second issue, Appellant argues that the trial court's failure to recognize the existence of a contractual relationship between him and Fuchel is "violative of State and Federal constitutional norms." Appellant's Brief at 23. Although Appellant offers little in the way of a coherent argument in support of this claim, from what we discern from the argument section of his appellate brief, Appellant appears to argue that the trial court's decision creates "de facto immunity" for public defenders and treats indigent criminal defendants differently than defendants who pay for and retain private counsel. Id. at 22.

We disagree. As Bailey makes clear, a criminal defendant bringing a legal malpractice action may only use a breach of contract claim to recover attorney fees "actually paid for the services plus statutory interest." Bailey, 621 A.2d at 115. Thus, even if Appellant had retained Fuchel privately and prevailed in his breach of contract clam, he would not be able to recover damages beyond the fees he paid. To recover damages beyond fees paid in a legal malpractice action, a plaintiff must prevail on a negligence claim. See id. at 113. As the Bailey court explained:

> If a person is found guilty of a crime, and that person is indeed innocent of any degree of that crime, and it is established that the wrongful conviction was proximately caused by counsel's gross dereliction in his duty to represent the defendant, only then will

- 7 -

the defendant be able to collect monetary damages. If a person is convicted of a crime because of the inadequacy of counsel's representation, justice is satisfied by the grant of a new trial. However, if an innocent person is wrongfully convicted due to the attorney's dereliction, justice requires that he be compensated for the wrong which has occurred.

Id.

In this case, Appellant did not pay for Fuchel's legal representation, and therefore would have had to bring a professional negligence claim against Fuchel to recover any damages. Appellant, however, did not raise a negligence claim against Fuchel. Indeed, as noted above, such claim is not available to Appellant because no court has determined that he is "an innocent person [who was] wrongly convicted." See id. We further note that this decision may not foreclose relief for Appellant, who states that he has a Habeas petition relating to his underlying criminal case pending in the United States District Court for the Western District of Pennsylvania. Appellant's Brief at 18. In the event Appellant prevails in federal court, it would open the possibility for Appellant to bring a professional negligence claim against Fuchel. Accordingly, we find no merit to Appellant's second issue.

Order affirmed.[1] Motion denied.

_____

[1] On November 29, 2018, Appellant filed a "Motion For Extension Of Time In Lieu Of Need To File Reply Brief" in which he seeks additional time to review Fuchel's brief to determine whether he needs to file a reply brief. Based on our disposition, we deny Appellant's motion as moot.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2018