J-S04032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHEILA NELSON-COLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appelant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BANK OF AMERICA, LOUELLA GRAY | : | No. 2550 EDA 2022 |
| AND CHRISTINE SHUR | : | |

Appeal from the Order Entered August 29, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210901087

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED FEBRUARY 7, 2023**

Sheila Nelson-Cole (Nelson-Cole) appeals *pro se* an order of the Court of Common Pleas of Philadelphia County (trial court) granting the preliminary objections of Bank of America, N.A. (BOA) and dismissing Nelson-Cole's second amended complaint with prejudice. We affirm.

On September 15, 2021, Nelson-Cole filed an initial complaint, ostensibly against BOA and its two employees, Louella Gray and Christine Shur,[1] each of whom had assisted in BOA's processing of Nelson-Cole's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Gray and Shur appear in the caption of this appeal, they were never served by Nelson-Cole in this matter and never entered appearances. This precluded Gray and Shur from becoming parties to the action. ***See generally***
*(Footnote Continued Next Page)*

mortgage applications on October 21, 2020, and December 11, 2020. According to Nelson-Cole, her applications were denied despite a strong credit score because BOA and its two employees had racially discriminated against her. Nelson-Cole disputed BOA's stated reasons for denying the applications (insufficient funds and delinquent accounts). She sought damages in the amount of $15,000 from BOA and $10,000 each from Gray and Shur.

The trial court recognized Nelson-Cole's valid service of process as to BOA, but found that Gray and Shur had not been served. On October 22, 2021, BOA filed preliminary objections to Nelson-Cole's initial complaint, arguing that that Nelson-Cole's claim of "discrimination" did not comport with several procedural rules, including Pa.R.Civ.P. 1019 (requiring claims to be pleaded with sufficient specificity; Pa.R.Civ.P. 1020 (requiring each cause of action to be pleaded in a separate count); and Pa.R.Civ.P. 1022 (requiring each factual allegation to be pleaded separately in consecutively numbered paragraphs).

Nelson-Cole filed an answer in opposition to the preliminary objections on November 12, 2021. On November 29, 2021, the trial court entered an order sustaining BOA's preliminary objections without prejudice, allowing

---

*Hill v. Olaf*, 85 A.3d 540, 546 n.5 (Pa. Super. 2014). The order on review is, therefore, a final order because it resolves all claims and issues concerning the only named defendant in the underlying action – BOA.

Nelson-Cole to amend her complaint within 20 days of the date on which the order was entered. Notice of this order was given on November 30, 2021.

Nelson-Cole's amended complaint was not filed until March 28, 2022, which was well beyond the deadline ordered by the trial court. The title of Nelson-Cole's filing was "Amended Complaint of Preliminary Objections — Defendant." The amended complaint only conveyed Nelson-Cole's responses to BOA's initial preliminary objections. Nelson-Cole stated that she was "asking for an amendment of the Defendants Preliminary Objections" and she argued once more that BOA had offered no valid reason for the denial of her two mortgage applications.

On May 31, 2022, BOA filed preliminary objections to Nelson-Cole's amended complaint and sought in the alternative to have the amended complaint stricken. BOA contended that the amended complaint was deficient because it lacked a notice to defend; it did not include any allegations of fact; no discernable cause of action had been asserted against BOA; and it was untimely.

Nelson-Cole did not respond to BOA's second set of preliminary objections, and on June 30, 2022, the trial court entered an order sustaining those preliminary objections and striking the amended complaint. Nelson-Cole was granted leave to file a second amended complaint within 20 days of the date of that order so that the deficiencies noted in the trial court's prior orders could be corrected. On July 19, 2022, Nelson-Cole timely filed a

"Second Amendment of Defendants Preliminary Objections" which, in substance, was only a request for reconsideration of the trial court's prior orders.

On August 5, 2022, BOA filed preliminary objections for the third and final time, arguing that Nelson-Cole had not remedied any of the defects in her most recent "complaint," warranting its dismissal with prejudice. Nelson-Cole did not file a response, and on August 29, 2022, this final set of preliminary objections was sustained. Nelson-Cole's second amended complaint was then dismissed with prejudice.

Nelson-Cole timely appealed the dismissal order, and the trial court submitted a 1925(a) opinion giving its reasons why the order should be upheld. *See* Trial Court 1925(a) Opinion, 10/6/2022, at 6-12. The trial court noted that Nelson-Cole had, after multiple attempts, been unable to correct the many procedural defects in her pleadings.

Further, even when liberally construing Nelson's second amended complaint, the trial court was unable to discern a viable cause of action. *See id*. at 8-9. The trial court explained that under the Pennsylvania Human Relations Act, 43 P.S. § 954 (PHRA), the complaint would have had to be filed within 180 days of the act of discrimination, and Nelson-Cole's initial complaint was filed well beyond that period.

Nelson-Cole has filed an appellate brief which reiterates the underlying claim that BOA, through Gray and Shur, denied her mortgage applications for

racially motivated reasons. Nowhere in her brief does Nelson-Cole identify how the trial court erred in determining that her second amended complaint had to be dismissed because of her failure to comport with the Pennsylvania Rules of Civil Procedure.

BOA responds that the trial court's order should stand for all of the reasons previously given in its preliminary objections and in the trial court's 1925(a) opinion. Additionally, BOA asserts that the content of Nelson-Cole's brief does not satisfy many technical and substantive requirements of the Pennsylvania Rules of Appellate Procedure, resulting in a complete waiver of all Nelson-Cole's appellate claims.

The "standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011). An order dismissing a complaint with prejudice must be affirmed where there is no doubt that further amendments would be futile:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If

any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id*. (quoting *Hykes v. Hughes*, 835 A.2d 382, 383 (Pa. Super. 2003)).

"Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Foster v. UPMC South Side Hosp.*, 2 A.3d 655, 666 (Pa. Super. 2010) (quoting *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008)).

Courts will generally excuse a *pro se* litigant's "inartful" drafting of claims, but a liberal construction of a complaint is only availing when the causes of action can be discerned. *See Moore v. McComsey*, 459 A.2d 841, 842 (Pa. Super. 1983). A *pro se* litigant must still "comply with the procedural rules set forth in the Pennsylvania Rules of the Court . . . and assume the risk that . . . her lack of expertise and legal training will prove . . . her undoing." *Smithson v. Columbia Gas of Pa/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (internal citations omitted).

Here, the trial court did not abuse its discretion in dismissing Nelson-Cole's second amended complaint with prejudice. Nelson-Cole made three attempts to assert her claims against BOA, Gray, and Shur, and even after the numerous defects in her claims had been identified, Nelson-Cole was unwilling or unable to state any legally sufficient grounds against those

parties. Nor did Nelson-Cole make any attempt to cure the procedural defects enumerated by the trial court. This left no doubt that further amendments would have been futile.

We also find merit in BOA's assertion that Nelson-Cole's brief falls short of the standards outlined in the Pennsylvania Rules of Appellate Procedure. Numerous required sections of the brief are missing, as is a reproduced record. **See** Pa.R.A.P. 2114(a)(1)-(8). The brief lacks any discussion of relevant facts or legal authority, preventing this Court from reviewing the merits of Nelson-Cole's case in a meaningful way. **See Smithson**, 264 A.3d at 760. "When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Butler v. Illes**, 747 A.2d 943, 944 (Pa. Super. 2000) (quoting **Commonwealth v. Drew**, 510 A.2d 1244, 1245 (Pa. Super. 1986)). Thus, no relief is due.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/2023